UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> QUINTIN BROWN, <br><br> Defendant. | No. 1:19-cr-00256-NONE-SKO <br><br> ORDER GRANTING DEFENDANT BROWN'S MOTION FOR SEVERANCE <br><br> (Doc. No. 129) |

This matter is before the court on a motion for severance brought on behalf of defendant Quintin Brown. (Doc. No. 129.) A hearing on the motion was held on March 13, 2020. Assistant United States Attorney Jeffrey A. Spivak appeared at the hearing on behalf of the United States and attorney Mark Coleman appeared on behalf of defendant Brown.

At the March 13, 2020 hearing, the court explored the government's charging of five conspiracies in a single indictment and raised the question of whether common activity constituted a substantial portion of the proof of the joint charges thereby making joinder of all charged counts proper under Rule 8 of the Federal Rules of Criminal Procedure. *See United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970); *see also United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977); *United States v. Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971)). At the conclusion of the hearing, the government was provided one week to file a supplemental brief responding to the court's line of inquiry and defendant Brown was granted one week thereafter to

reply. The government filed its supplemental brief and statement of non-opposition to the defendant's motion for severance on March 20, 2020. (Doc. No. 144.)  Defendant Brown filed no response thereto within the time provided by the court or thereafter.[1]

In their supplemental response the government has stated that after reviewing the authorities provided by the court at the March 13, 2020 hearing, it no longer opposes defendant Brown's severance motion and would agree that this case should be severed into three groups for purposes of trial as follows:

> (1)   The defendants charged in Counts One through Three (David Michael Marin (2), Angel Delgadillo, Sr. (3), Ronal Warsinger (4), and Demar Marshall (5));
>
> (2)   The defendants charged in Counts Four and Five (David Michael Marin (2), Quintin Brown (6), and Kenneth Pratt (7)); and
>
> (3)   The defendants charged Counts Six through Thirteen (Carlos Lopez (1), David Michael Marin (2), Armando Toro (8), Rodrigo Savalza (9), Jose Bojorquez (10), Monica Gutierrez (11), and Julio Moreno Garcia (12)).

(Doc. No. 144 at 2.)

As noted above, defendant Brown was provided an opportunity to respond within seven days to the government's supplemental filing and has not done so, thereby indicating his lack of objection to the government's proposed severance of counts and defendants for purposes of trial. Moreover, the government's March 20, 2020 supplemental brief was served on counsel for the other defendants in this action and no objection to the government's proposed severance of counts and defendants for purposes of trial has been filed with the court on behalf of any defendant.

For the reasons explained above, defendant Brown's motion for severance (Doc. No. 129) is granted. The government's proposed grouping of the defendants and counts to proceed to trial

---

[1] Unfortunately, a few days after the hearing of the motion for severance in this case, the Governor of California, Gavin Newsome, was forced to issue a statewide shelter-in-place order due to the COVID-19 pandemic. Thereafter the Chief Judge of this court issued General Orders 610, 611, 612 and 617 effectively closing the courthouses of this court and severely restricting any live hearings to be held therein as of March 17, 2020 and continuing through the date of this order. While the court has continued to issue orders and conduct video and telephonic hearings in the wake of these necessary restrictions, some matters have been overlooked and this motion is one of those. The undersigned was simply unaware of the government's March 20, 2020 supplemental filing and statement of non-opposition until very recently.

together is adopted.  This case is referred back to U.S. Magistrate Judge Sheila Oberto for the scheduling of a status conference and, if deemed appropriate, the setting of trial dates for each of the three groups of defendants and counts as proposed by the government.

IT IS SO ORDERED.

Dated:   **July 1, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

3