UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>QUINTIN BROWN,<br><br>          Defendant. | Case No. 1:19-cr-00256-NONE-SKO<br><br>ORDER ORDERING FRESNO COUNTY JAIL TO GRANT PLAINTIFF ACCESS TO THE LAW LIBRARY FOR TWO HOURS NO LATER THAN APRIL 2, 2021<br><br>ORDER DIRECTING CLERK TO SEND COPY OF THIS ORDER TO THE FRESNO COUNTY SHERIFF AND TO THE US MARSHALS SERVICE |

On March 23, 2021, the Court held a *Faretta* hearing in this case. One reason that defendant Quintin Brown ("Defendant") wants to represent himself is because Fresno County Jail only allows law library access for *pro se* inmates, and Defendant is currently represented by counsel. As a result, Mr. Brown has been unable to conduct any independent legal research in the law library related to his case. On the record, Mr. Brown explained certain items he wished to independently research and verify.

The Court advised him against proceeding without counsel in this serious criminal matter. The Court reviewed the substantial penalties Mr. Brown is facing, and discussed the difficulties defending oneself without legal counsel.

After substantial discussion on the record, the Court ordered counsel to provide Mr. Brown with certain information. The Court also took Mr. Brown's request to access the law library under advisement. The Court set a continued conference after these items could be accomplished to further discuss Mr. Brown's request to represent himself.

1

The Court then initiated a request through the U.S. Marshals for library access to Mr. Brown.  A representative from Fresno County Jail reiterated its policy of denying library access for criminal defendants represented by counsel.

While Defendant is currently represented by counsel, the Court has determined that Defendant would benefit from being able to access the law library so that he can conduct legal research related to this case.[1]  Although the Court is mindful of the need to conserve limited resources at Fresno County Jail, and understands the significant challenges with personnel movements during this time, it believes that a limited exception is warranted in this situation. Thus, the Court will therefore order Fresno County Jail to allow Plaintiff to access the law library for two hours between the date of this order and April 2, 2021.[2]

Accordingly, the Court hereby REQUESTS that Fresno County Jail allow Plaintiff to access the law library for a total of two hours between the date of this order and April 2, 2021.

Additionally, IT IS ORDERED that the Clerk of Court is directed to mail a copy of this order to: Sheriff Margaret Mims, 2200 Fresno Street, Fresno, CA 93721.

The Clerk of the Court will also deliver a courtesy copy of this order to A.J. Castanedas of the U.S. Marshals Service in order to act as a liaison with the Fresno County Jail.

IT IS SO ORDERED.

Dated:  **March 25, 2021**              /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Under the First and Fourteenth Amendments to the Constitution, prisoners have a "'fundamental constitutional right of access to the courts.'" Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817 (1977)); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

[2] This is a limited exception and the Court will not grant any similar request from Mr. Brown in the future.