**COVID Jury Trial Plan Guide**

**Eastern District of California**



**April 26, 2021**

The following is a guide for use by the United States District Court for the Eastern District of California in conducting felony criminal jury trials during the COVID-19 epidemic while the Court's existing General Orders are in effect.

This document primarily represents nonbinding recommendations from the COVID Jury Trial Committee convened as a working group by the Clerk of Court.   The Committee initially made recommendations on June 3, 2020 and revised them on April 16, 2021.

This proposal is based on the Committee's knowledge of COVID-19 to date.  As more information about the virus, its communicability, questions of possible re-infection, and reliable tests for learning who has the virus and, thus, can infect others comes out, the solutions proposed here may need modifying, deletion or supplementation.

Members of the working group included:

**Fresno CJA Panel Selection Committee Member David Torres**
**CJA Panel Representative Kresta Daly**
**Federal Defender Heather Williams**
**Assistant Federal Defender Megan Hopkins**
**U.S. Marshal (A) Lasha Boyden**
**Chief Deputy U.S. Marshal (A) Kevin Biernat**
**Supervising Deputy U.S. Marshal AJ Castanedas**
**Supervisory Deputy U.S. Marshal Kelly Beloberk**
**Acting U.S. Attorney Phil Talbert**
**Executive Assistant U.S. Attorney Chi Soo Kim**
**Criminal Chief U.S. Attorney Michele Beckwith**
**Chief, U.S. Attorney's Fresno Office Kirk Sherriff**
**Clerk of Court Keith Holland**
**Chief Deputy Clerk of Court Jenna Nelson**
**Fresno Deputy Clerk in Charge Angela Alvarez**
**Sacramento Jury Administrator Maria Luna**
**Fresno Jury Administrator Heather Mabe Greeley**

This document has been modified with some practical input from District Judges of the Court and accepted by those Judges as a guide to facilitate jury trial planning.  All provisions are subject to change by the presiding judge.

CONTENTS

GENERAL PRECAUTIONS .................................................................................................................3

Jury Venire Call................................................................................................................... 4

TRIAL BEGINS – JURY SELECTION ......................................................................................................4

   Coming into the Courthouse ........................................................................................... 4

   Coming in for Voir Dire.................................................................................................... 5

TRIAL.............................................................................................................................................6

   Courtroom Logistics ........................................................................................................ 6

   During Trial.......................................................................................................................7

      Opening Statements and Closing Arguments:.............................................................. 8

      Exhibits...........................................................................................................................8

      Side Bars........................................................................................................................ 8

      Jury room for breaks and deliberations ...................................................................... 8

      Recesses at night........................................................................................................... 9

Once Jurors and Alternates are Excused ............................................................................9

Clerk's Letter to Prospective Jurors……………………………………………………………………………..10-11

**General Precautions**

A face covering over one's nose and mouth is required to enter the courthouse and must be worn unless otherwise directed by the judge.  This requirement pertains to all people entering the building including building staff, attorneys, and court security officers.  Floor decals will be placed at six-foot intervals at the entrance of the courthouse to assist with proper distancing while waiting to enter the courthouse and proceed through screening.  Hand sanitizer stations are offered near the jury scanning counter, elevators, and in front of the courtrooms. Touchless temperature scanners will be placed at the courthouse entrance.  COVID-19 symptom questions will be asked prior to entry or a list of symptoms may be posted, that if experiencing, would preclude anyone from entering the courthouse.

**The regular elevators** should hold no more than two people at a time to maintain social distancing, and signs have already been posted to this effect.  The freight elevators may hold four people at a time.  A family, or group of people who have socially isolated together during the pandemic, can safely take the elevator in larger numbers.  People waiting to use the elevators should keep six feet apart as marked by the floor decals.

**Public restrooms**- no more than two people should be in the public restroom at a time.  People waiting to use the restroom should distance six feet apart in the courtrooms' main hallway where a 6- foot radius can be maintained.

Jury selection and trial may take place in either the ceremonial courtroom or the trial judge's courtroom.  For proper distancing and not to overload the building, it is recommended that only one trial may take place per floor at a time and that only one jury be selected per day.  The order in which cases are tried will be determined by the judges in coordination with each other.  It is recommended that court be held for partial days, with a recommended daily schedule from 9am to 1pm.  The shorter period decreases daily exposure time and eliminates the need to consider lunch arrangements for jurors.  If a judge wishes to hold court for longer than a half day, the jury should be provided with boxed lunches and socially distanced while breaking for lunch.

**Jury Venire Call**
As the Court mails citizens notice for jury service, the court will include:

- A letter from the Clerk of Court addressing COVID-19 concerns and current courthouse protocols in place to keep jurors, staff and trial participants safe.  The letter includes Clerk's Office contact information should a prospective juror have concerns about serving or, closer to their service date, experience COVID-19 symptoms, know they were recently exposed to someone with COVID-19, be told to quarantine or have tested COVID positive.

Our jury administrators will defer or excuse prospective jurors, as is the current practice and as directed by the judge, as responses are received by the Court.  Because COVID-19 status may change and symptoms may be present after responding to the jury summons, an automated phone call will ask that prospective jurors contact the court if they are experiencing COVID-19 symptoms closer to their reporting date.

**Trial Begins- Jury Selection**

**Coming into the Courthouse**
As prospective jurors arrive at the courthouse, they will be required to wear a face covering and proceed through screening. If a prospective juror does not have a face covering, one will be provided by court personnel.  Prospective jurors will be asked to answer COVID-19 symptom questions before entering the courthouse.

A jury administrator and court personnel will be in the lobby to check in the prospective jurors and to assist them with social distancing in the elevators, allowing two at a time in the regular elevators or four at a time in the freight elevator, as marked by the floor decals.

The prospective jurors will remain masked and maintain socially distanced while waiting to check in and while in the jury assembly room or courtroom before the start of voir dire.  GSA will provide a hand sanitizer station outside the jury assembly room and outside the courtroom.

**Coming in for Voir Dire**
The jury administrator or court personnel will escort the prospective jurors to the courtroom or jury assembly room, ensuring social distancing in the elevators.  Everyone in the courtroom should be masked.  During voir dire, prospective jurors may use a clear mask that will be provided by the court.  Omnidirectional microphones will be placed throughout the courtroom to allow the prospective jurors to be heard without passing a microphone between them or leaving their seat to approach a microphone.

**NOTE**: The FDO objects to non-clear face coverings for jurors during voir dire and during the trial.  The FDO has no objection to a no-glare clear face coverings or face shields. The USAO recommends allowing jurors to wear regular face coverings after voir dire during trial but permitting jurors to remove their clear face masks when speaking during voir dire.

At the trial judge's discretion, prospective jurors will be seated in the courtroom or in an overflow room with social distancing.  Available seats will be marked to ensure appropriate distancing.  Members of the public and press who wish to observe jury selection will be able to watch a live video feed of the proceedings from an additional courtroom.

Once the jury is empaneled, public observers for the remainder of the trial will be able to sit in the marked chairs in the courtroom audience section if there is sufficient space available or continue to observe proceedings by watching a live video feed from an additional courtroom.
**NOTE**: The USAO proposes that a CSO will be present in any overflow room with potential jurors.  CSOs are present in the courtroom during jury selection and given that some prospective jurors will be seated in the overflow room due to COVID operations, a CSO should also be present in any overflow room. The FDO and USMS are comfortable with court personnel being present in lieu of a CSO for venire overflow during jury selection.

The Court will ask excused venire members to contact the Court if, within two weeks after visiting the courthouse, they test positive for COVID-19 or had contact with someone before their court attendance who since tested positive for COVID-19.

During trial, the Court should ask the sitting jurors daily, at the outset of proceedings, the courthouse COVID-19 entry questions.  Before releasing the jurors to go home at the trial day's end, the Court should ask the jurors to call, and not come to court, the next trial day if they are not feeling well or learn they have been exposed to someone who is positive for COVID-19.

**NOTE**: Defense counsel will ask their client, daily, the same COVID-19 questions that the judge is asking the jury.

**Trial**

**Courtroom Logistics**
Plexiglass stands and portable air filters will be placed throughout the courtroom as requested by the judge.  It is recommended that, if possible, the courtroom door remain propped open to allow additional air flow.

**NOTE:** The USAO suggested installing plexiglass dividers in the jury box to allow more jurors to be seated in the box, however, due to time and monetary constraints, the Court Clerk did not feel that suggestion was feasible.

 Disinfecting  wipes and a small trash can will be placed near the witness stand and the witness stand will be wiped down between testimonies by the witness or a person designated by the court.

Disinfecting wipes and a small trash can will be placed near the lectern and after counsel uses the lectern, the lectern will be wiped down by counsel.  Counsel will confirm with the judge whether the lectern or counsel table should be used for the opening statement, closing argument, and witness examination. Lapel microphones and lavaliers may be used if approved by the judge.

A separate, sealable plastic bag for each juror will be provided to store each juror's notebook and pen.

Once the jury is empaneled they will be seated in the courtroom with social distancing.

Prior to jury selection, it is recommended that counsel meet with court staff to review and approve the courtroom configuration.  It is essential that trial participants have an unobstructed line of sight from their seat to the jury box, witness stand, and counsel tables.

**NOTE**: The FDO requests the court and/or counsel memorialize the protocols, agreements and objections made to conducting a jury trial.  This may be done by counsel through a stipulation and proposed order.

The audience section may be used for public seating if available with appropriate social distancing.  Of the public attending trial, members of the same family who live together do not need to be socially distanced.  The court will arrange an overflow courtroom with an ability to

watch trial through the court's video system.  A CSO will also be present in any public overflow courtroom for observing trial proceedings.

**NOTE**: Public seating will be first come first served.  If the trial brings media attention, a number of seats will be reserved for press.

If either party wishes to communicate with co-counsel or client in close proximity during the trial, this procedure should be discussed and approved by the judge before trial (e.g., during the pre-trial courtroom walk through).  Otherwise, defense counsel and their client as well as the government should observe social distancing during the trial, sitting at opposite ends of the counsel table, or six feet apart.  If so, defense counsel request the Court read a jury instruction saying:

> *Typically, during trial, as you have seen on TV and in movies, the defendant and their lawyer sit next to each other during the trial.  They are sitting socially distant from each other because I have ordered all, when in the courtroom, be physically and socially distant from each other during this trial.  Do not read anything into the distance between them other than they are following my order.*

**NOTE**: In advance of trial, defense counsel will plan how they will communicate with their client in the courtroom, especially when court is in session.  If that communication involves any electronic device, defense counsel must receive approval from the court prior to trial of that method.  If approved, this device will be limited to use for in-court communications during trial between defense counsel and their client.  The FDO will also provide this device to CJA panel attorneys for use during trial in the courtroom, if approved by the court, when the FDO does not have a trial conflict.  Other defense counsel who are interested in using a similar device will be responsible for setting up such devices and obtaining Marshal Service review of the device for its approval prior to requesting court approval.

**During Trial**

**Face Coverings**
All face coverings should securely cover the individual's nose and mouth (e.g., bandanas and gaiters are not permitted.)  Unless otherwise directed by the judge, everyone in the courtroom should be masked except during the following:

- During jury selection, venire members may be provided clear facemasks or may remove their face mask when speaking as directed by the court.
- After empanelment, jurors should resume wearing regular face coverings (i.e., not clear face masks.)

> **NOTE**: The FDO objects to non-clear face coverings for jurors during the trial. The FDO has no objection to a no-glare face covering or face shields during trial.

- Witnesses may remove their mask while testifying or clear face masks will be provided to witnesses.
- When speaking at the podium, an attorney may remove their mask with judicial approval.
- The judge may choose to remove their mask while seated behind a plexiglass barrier.
- If a witness's anticipated testimony includes identification of the defendant, all trial participants (the judge, witness, counsel, defendant, courtroom deputy, and court reporter) will have their mask removed before identification.

**Opening Statements and Closing Arguments**
Because the jurors are spread over a greater swath in the courtroom, counsel may request they be able to move around the lectern, while continuing to practice six-foot social distancing, so they can make better eye contact and physically face the jurors.  Counsel will be provided with lapel microphones if approved by the judge.

**Exhibits**
Exhibits should be presented at trial electronically. Specific procedures for the presentation of physical exhibits will be left to the discretion of the trial judge.

**Side Bars**
Side bars may take place in the courtroom with participants masked.  Alternatively, the trial judge could hold sidebars in the judge's chambers behind the courtroom or an adjacent jury deliberation room if not being used by the jury, with the court reporter present to transcribe the side bar. [Note: It was reported that most courts are not holding side bars due to COVID concerns, and that the court excuses the jury if any discussion with just the parties is needed.

**NOTE**: Some Committee members thought it might be easier for judge, lawyers, and court reporter to move rather than 14 or more jurors.

**Jury Rooms for Breaks and Deliberations**
Jury breaks may be held within the courtroom, , another courtroom on the same floor, the Jury Assembly Room, or a jury deliberation room.  We recommend the time allowed for breaks take into consideration the need for jurors to move throughout the courthouse to accommodate smoking and COVID restricted bathroom use.

Jury deliberations may be held in the courtroom or a separate courtroom on the same floor where the jurors will be able to socially distance.  All video cameras and microphones will be deactivated while the jury deliberates.

Both courthouses will designate certain restrooms for juror use during jury selection and trial and will provide an outside smoking area for venire and jurors during breaks.

**Recesses at Night**
Per CDC Guidelines, the Court will disinfect the courtroom and jury rooms each night, along with the public spaces outside the courtroom, the public restrooms, and any overflow courtroom.

**Once Jurors and Alternates are Excused**
Jurors should also be instructed to contact jury staff if they have symptoms within the two-week period after the trial.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | *Office of the Clerk* | Divisional Office: |
|---|---|---|
| Keith Holland | Robert T. Matsui United States Courthouse | Robert E. Coyle |
| *Clerk* | 501 "I" Street, Suite 4-200 | United States Courthouse |
| | Sacramento, California 95814-7300 | 2500 Tulare Street, Room 1501 |
| Jenna Nelson | Phone: 916-930-4000 | Fresno, California 93721 |
| *Chief Deputy* | Website: www.caed.uscourts.gov | Phone: 559-499-5600 |

April 9, 2021

Dear Prospective Petit Juror,

The Federal Court is closely monitoring conditions regarding the pandemic throughout California and is mindful that you may have concerns about your safety when performing your duty as a petit juror.

We are aware of the many challenges that our citizens faced during this time of national emergency. We are grateful that because of the courage and sacrifice of so many individuals we can continue the administration of justice through the Federal Court system. We are now asking you to continue to fulfill your civic duty by reporting to jury service when summoned.  Please know that the health and safety of all visitors to the United States Courthouse are of extreme importance to us.

To prevent the risk of infection, we have implemented aggressive policies and are taking extra precautions that include requiring face masks; temperature checking; air purifiers; frequently sanitizing counter tops, tables, and doorknobs; having hand sanitizer available; offering large spaces to accommodate social distancing; and restricting access to coffee pots, microwaves and refrigerators.

You will be asked to first report to the Courthouse lobby to check in for jury service.  From there you will be directed to either the Jury Assembly Room or the courtroom.  The Jury Assembly Room is large so that you may sit well apart from one another.  In the courtroom, which is also large and allows for greater social distancing, some of you will sit in the courtroom gallery; others will sit in the jury box.  Everyone will be socially distanced from one another. The courtrooms and the Jury Assembly Room will be thoroughly cleaned and sanitized by maintenance staff prior to your arrival, and each evening thereafter.

The Federal Court understands that some individuals may be unable to serve at this time due to Coronavirus-related issues. If, as your date for service approaches, you are experiencing any Coronavirus symptoms (see reverse side for description) or feel you cannot serve due to Coronavirus-related or other issues, please email the Court's jury administrator at sac_jury@caed.uscourts.gov or submit a letter of explanation with your summons.  Requests for excuse will be considered on a case-by-case basis and temporary or permanent excuses will be granted as necessary.

Again, thank you for your service and please stay safe and healthy.

*Keith Holland*

Keith Holland, Clerk of Court

When you come to the Federal Courthouse, be prepared to have your temperature externally read and to answer the following questions:

| | |
|---|---|
| 1 | Have you traveled outside the United States within the last 14 days? |
| 2 | Have you been diagnosed with or had close contact with anyone diagnosed with COVID-19 within the last 14 days? |
| 3 | Because of COVID-19, have you been asked or had close contact with anyone asked to self-quarantine by any doctor, hospital, or health agency within the last 14 days? |
| 4 | How do you feel today?  We are concerned about any symptoms listed below. |

## Watch for symptoms

People with COVID-19 have had a wide range of symptoms reported – ranging from mild symptoms to severe illness. Symptoms may appear **2-14 days after exposure to the virus.** People with these symptoms may have COVID-19:

- Fever or chills
- Cough
- Shortness of breath or difficulty breathing
- Fatigue
- Muscle or body aches
- Headache
- New loss of taste or smell
- Sore throat
- Congestion or runny nose
- Nausea or vomiting
- Diarrhea

This list does not include all possible symptoms. CDC will continue to update this list as we learn more about COVID-19.