1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      UNITED STATES OF AMERICA,                    No.  1:19-cvr-00256-NONE-SKO-6

12                      Plaintiff,                   ORDER DENYING DEFENDANT'S
                                                     MOTION TO SUPPRESS AND REQUEST
13             v.                                    FOR A *FRANKS* EVIDENTIARY HEARING

14      QUINTIN BROWN,                               (Doc. Nos. 298, 301)

15                      Defendant.

16

17             Currently pending before the court are defendant Quintin Brown's two motions, filed

18      May 10, 2021, and May 24, 2021, the first of which seeks an evidentiary hearing under *Franks v.*

19      *Delaware*, 438 U.S. 154 (1978), and the second of which moves to suppress certain evidence

20      based on an alleged violation of 18 U.S.C. § 2517(5).  (Doc. Nos. 298, 301.)  On July 2, 2021, the

21      court heard  argument on the motions.  (Doc. No. 317.)  Assistant United States Attorney Jeffrey

22      Spivak appeared on behalf of the government.  (*Id*.)  Defendant represented himself at the

23      hearing, after he knowingly and voluntarily waived his right to counsel and asserted his

24      constitutional right to represent himself on April 13, 2021, at a hearing conducted pursuant to

25      *Faretta v. California*, 422 U.S. 806 (1975).  (*See* Doc Nos. 287, 292, 293, 317.)

26             After reviewing the parties' submissions and having considered their oral arguments, and

27      for the reasons explained below, the court will deny both defendant's request for an evidentiary

28

                                                    1

1  hearing on his motion brought pursuant to the decision in *Franks v. Delaware* and his motion to

2  suppress wire and electronic communications based upon his premise that the intercepted

3  communications fell outside the scope of the order authorizing interception of electronic

4  communications.

5  **BACKGROUND**

6       At the time his motion was brought, defendant was charged by indictment with one count

7  of conspiracy to distribute and to possess with intent to distribute oxycodone.[1]  (Doc. No. 55.)

8  During the course of an investigation into certain drug trafficking activities, the government

9  applied for and received an order authorizing the interception of wire and electronic

10  communications to and from three cell phones.  (Doc. No. 305 at 2.)  The government represents

11  that all of the communications at issue in defendant's motions relate to only one of those three

12  phones—that which belonged to Brown's co-defendant in the original indictment, David Marin

13  ("the supplier").  (*Id.*)

14       The order authorizing interception permitted the government to intercept communications

15  related to "target offenses," which included:

16
17         a) Conspiracy to Manufacture, Distribute, and Possess With
     Intent to Distribute Cocaine and Marijuana, in violation of Title 21,
     United States Code, Sections 841(a)(1) and 846;

18
19         b) Manufacture, Distribution, and Possession With Intent to
     Distribute Cocaine and Marijuana, in violation of Title 21, United
     States Code, Section 841(a)(l);

20
21         c) Unlawful Use of A Communication Facility to Facilitate
     Drug Felony Violations, in violation of Title 21, United States Code,
     Section 843(b);

22
     . . .
23         g) Violations involving financial transactions and the
     transportation, transmission, or transfer of monetary instruments
24   that represent the proceeds derived from the distribution of a
     controlled substance, in violation of Title 18, United States Code,

25

26  [1]  On July 22, 2021 the grand jury for this district returned a superseding indictment only as to
     defendant Brown, charging him with conspiracy to distribute and possess with the intent to
27  distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One) and distribution
     and possession with the intent to distribute oxycodone on May 13, 2019 and June 10, 2019, in
28  violation of 21 U.S.C. § 8141(a)(1) (Counts Two and Three).  (Doc. No. 328.)

1
2
3
4

Section 1956; and conspiracy to commit the above offenses, in violation of Title 18, United States Code, Section 1956(h); and engaging or attempting to engage in monetary transactions of criminally derived property, in violation of Title 18, United States Code, Section 1957 (each a "Target Offense" and, together, the "Target Offenses").

5 (Doc. No. 305 at 2–3; 1:19-sw-00087-LJO, Doc. No. 1 at 2-3, ¶ 1.)

6      In authorizing the wiretap, the court also made findings of probable cause that the

7 following information was likely be revealed in intercepted communications:

8
9
10
11
12
13
14
15
16

(1) names, telephone numbers, and residences of the Target Subjects' associates, including drug customers, transporters, importers, and suppliers; (2) the leadership and structure of the drug and firearms trafficking organization; (3) the dates, times, and places for commission of the illegal activities, including the distribution and transportation of controlled substances and firearms; (4) the location, receipt, administration, control, management, and disposition of controlled substances and firearms and proceeds from the trafficking of controlled substances and firearms; (5) the nature, scope, places, and methods of operation; (6) the existence and location of records documenting the distribution and transportation of controlled substances and firearms; and (7) the methods used by the organization to collect and launder the illegal proceeds from the distribution and importation of controlled substances and firearms

17 (Doc. No. 305 at 3; 1:19-sw-00087-LJO, Doc. No. 1 at 3-4, ¶ 3.)

18      During March and April of 2019, communications between defendant Brown and co-

19 defendant Marin were intercepted.  (Doc. No. 305 at 3.)  On November 7, 2019, the government

20 filed a criminal complaint against defendant, which was supported by an affidavit from a Drug

21 Enforcement Administration Special Agent ("DEA Special Agent").  (*Id.*)  That affidavit stated

22 that it did not include "details of every aspect of the investigation," since the affidavit's purpose

23 was limited to establishing probable cause that defendant Brown had committed the charged

24 offense.  (*Id.*; Doc. No. 1 at ¶ 5.)  Thereafter, on November 21, 2019, defendant was indicted by a

25 grand jury on the sole count of conspiracy to distribute and to possess with intent to distribute

26 oxycodone.  (*Id.* at 4.)  As noted above, on July 22, 2021, a superseding indictment was returned

27 charging defendant Brown with conspiracy to distribute and to possess with intent to distribute

28

3

1  oxycodone and two counts of distribution and possession with the intent to distribute oxycodone.

2  (Doc. No. 328.)

3  **LEGAL STANDARD**

4  **A.    The Legal Standard Governing a Request a *Franks* Hearing**

5            In challenging the veracity of an affidavit in support of a search warrant, a defendant is

6  entitled to an evidentiary hearing under *Franks*[2] if he or she "makes a substantial preliminary

7  showing" that (1) the affiant officer intentionally or recklessly made false or misleading

8  statements or intentionally omitted facts; and (2) the false or misleading statements or omissions

9  were material, that is, were necessary to the finding of probable cause.  *United States v.*

10  *Craighead*, 539 F.3d 1073, 1080–81 (9th Cir. 2008) (quoting *Franks*, 438 U.S. at 155–56); *see*

11  *also United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (citing *United States v.*

12  *Martinez-Garcia*, 397 F.3d 1205, 1214–15 (9th Cir. 2005)); *United States v. Flyer*, 633 F.3d 911,

13  916 (9th Cir. 2011); *United States v. Johns*, 851 F.2d 1131, 1133 (9th Cir. 1988).  An evidentiary

14  hearing is required if the defendant presents specific allegations, alleges a deliberate falsehood or

15  reckless disregard for the truth, and supports that claim with a sufficient offer of proof.

16  *Craighead*, 539 F.3d at 1080 (citing *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983)).

17  To ultimately prevail on a *Franks* challenge, the defendant must demonstrate both of the above

18  requirements by a preponderance of the evidence.  *Perkins*, 850 F.3d at 1116.  If both

19  requirements are satisfied, the "warrant must be voided and the fruits of the search excluded."  *Id*.

20  (quoting *Franks*, 438 U.S. at 156).

21            Under the first step of *Franks*, a defendant must show that the affiant intentionally or

22  recklessly made misleading statements or omissions.  *Craighead*, 539 F.3d at 1080–81.

23  Generally, "a warrant affidavit must set forth particular facts and circumstances underlying the

24  existence of probable cause, so as to allow the magistrate to make an independent evaluation of

25  the matter."  *Franks*, 438 U.S. at 165.  In the context of omissions, "[b]y reporting less than the

26  total story, an affiant can manipulate the inferences a magistrate will draw."  *United States v.*

27

28  [2]  Where such a challenge is raised, however, the affidavit in support of a warrant is entitled to "a presumption of validity."  *Franks*, 438 U.S. at 171.

4

1    *Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), *amended by* 769 F.2d 1410 (9th Cir. 1985).  To do so

2    would "effectively usurp[] the magistrate's duty to conduct an independent evaluation of probable

3    cause."  *Perkins*, 850 F.3d at 1118; *see also Johns*, 948 F.2d at 606–07 (omitting facts that "cast

4    doubt on the existence of probable cause" makes such omissions material); *United States v.*

5    *Flores*, 679 F.2d 173, 177 n.1 (9th Cir. 1982) ("A magistrate cannot adequately determine the

6    existence of probable cause with the requisite judicial neutrality and independence if the police

7    provide him or her with a false, misleading, or partial statement of the relevant facts.").  However,

8    an affiant's "negligent or innocent mistake does not warrant suppression."  *Perkins*, 850 F.3d at

9    1116.

10          Under the second step of *Franks*, a defendant must show that the misleading statement or

11    omission was material, i.e. necessary to the probable cause determination.  *Id*.  In the context of

12    omissions from the supporting affidavit, "[t]he key inquiry is 'whether probable cause remains

13    once the evidence presented to the magistrate judge is supplemented with the challenged

14    omissions.'"  *Id*. at 1119 (quoting *United States v. Ruiz*, 758 F.3d 1144, 1149 (9th Cir. 2014)).

15    Stated differently, an omission is material where the inclusion of the omitted facts would "cast

16    doubt on the existence of probable cause."  *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 435 (9th

17    Cir. 2010) (quoting *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992)).  Of course,

18    probable cause exists if there is a "fair probability" that a suspect has committed a crime based on

19    the totality of the circumstances.  *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010);

20    *see also Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The probable cause standard does not

21    require a court "to believe to an absolute certainty, or by clear and convincing evidence, or even

22    by a preponderance of the available evidence, that [a suspect] had committed a crime."  *United*

23    *States v. Lopez*, 482 F.3d 1067, 1078 (9th Cir. 2007); *see also United States v. Gourde*, 440 F.3d

24    1065, 1069 (9th Cir. 2006) (*en banc*).

25    **B.**      **18 U.S.C. § 2517(5)**

26    "Section 2517(5) [of Title 18 of the United States Code] prohibits use of communications

27    relating to offenses other than those specified in the order of authorization or approval unless the

28    officer has obtained subsequent authorization."  *United States v. Torres*, 908 F.2d 1417, 1424 (9th

1   Cir. 1990).  Under this subsection, the government is required "to submit an additional

2   application when the interceptions it obtains" fall outside the authorizing order.  *United States v.*

3   *Homick*, 964 F.2d 899, 904 (9th Cir. 1992).  Such application is to be "made as soon as

4   practicable."  18 U.S.C. § 2517(5).  The purpose of § 2517(5) is to "protect[] against the

5   Government obtaining 'a wiretap authorization order to investigate one offense as a subterfuge to

6   acquire evidence of a different offense for which the prerequisites to an authorization order are

7   lacking.'"  *United States v. Cobb*, No. 2:14-cr-00194-APG-NJ, 2015 WL 518543, at *4 (D. Nev.

8   Feb. 9, 2015) (quoting *United States v. Watchmaker,* 761 F.2d 1459, 1469–71 (11th Cir. 1985)).

9   **ANALYSIS**

10  **A.      The Request for a *Franks* Hearing**

11          Defendant argues that he should be granted a *Franks* hearing because the DEA Special

12  Agent's affidavit filed in support of the criminal complaint and the warrant for defendant's arrest

13  omitted information material to the magistrate judge's probable cause determination.  (*See* Doc.

14  No. 298.)  According to defendant, the affiant deliberately omitted the content of intercepted

15  communications because those communications would not have support a finding of probable

16  cause to believe that defendant had committed the offense charged in the complaint.  (*Id*.)

17  Specifically, defendant contends that the omitted recorded conversations established that the

18  oxycodone buyer and the oxycodone supplier were in direct contact with one another, which is

19  evidence that defendant did not act as middleman to their oxycodone transaction as alleged in the

20  complaint.  (*Id*. at 2, ¶ 1; Doc. No. 317.)  Defendant Brown also argues that the recorded

21  communications do not demonstrate his complicity in the *conduct* engaged in by the supplier and

22  the buyer.  (*Id*. at 2, ¶¶ 2, 3; Doc. No. 317.)  Rather, defendant Brown argues, the recorded calls

23  demonstrate that any oxycodone transaction occurred strictly between the buyer and the supplier

24  and was on terms to which the two of them agreed.  (*Id*.)  Defendant Brown contends that the

25  omissions of the recorded calls from the supporting affidavit misled the reviewing magistrate

26  /////

27  /////

28  /////

6

1   judge into issuing the complaint charging him with distribution and possession with the intent to

2   distribute oxycodone in violation of 21 U.S.C. § 841 and the warrant for his arrest.[3]  (Doc. No.

3   298.)

4          The government counters that defendant's arguments fail as a matter of law because

5   defendant is contesting an affidavit in support of an arrest warrant, not a search warrant; he was

6   ultimately indicted by a grand jury; and defendant's arrest did not occur until after the original

7   indictment in this case was returned.  (Doc. No. 305 at 11.)  Therefore, according to the

8   government, *Franks* does not apply because "indictments are not open to challenge upon ground

9   that they are not supported by adequate or competent evidence and neither justice nor concept of

10  a fair trial requires establishment of rule permitting such challenge."  (*Id*. (citing *Costello v.*

11  *United States*, 350 U.S. 359 at 363, 364 (1956)).)

12         The government also argues, in the alternative, that defendant Brown's motion for a

13  *Franks* hearing should be denied because he has failed to make the required "substantial

14  preliminary showing that a false statement was (1) deliberately or recklessly included in an

15  affidavit submitted in support of a wiretap, and (2) material to the district court's finding of

16  necessity" under *United States v. Shryock*, 342 F.3d 948, 977 (9th Cir. 2003).  (Doc. No. 305 at

17  11–12.)  According to the government, defendant's motion contests only the supporting

18  affidavit's characterization of his role in the illegal transaction, as well as any culpability for his

19  aiding and abetting of that unlawful transaction.  (*Id*.)  It is the government's theory that

20  defendant acted as a broker or relationship manager, making him an aider and abettor of the

21  illegal oxycodone transaction, notwithstanding any direct communication that occurred between

22  the buyer and the supplier, or the individual actions of the buyer and supplier.  (*Id*.)

23  /////

24  /////

25  /////

26  _____

27  [3]  Defendant also argues that the interception of communications by federal law enforcement
    extended beyond the authorization order for the wiretap.  (Doc. No. 298 at 3–4, ¶ 4.)  This
    argument is addressed below in § B as part of the court's discussion of defendant's motion to

28  suppress, (Doc. No. 301).

The court concludes that defendant Brown has not made the required substantial preliminary showing necessary to entitle him to an evidentiary hearing under *Franks*.[4]  Defendant has failed to present any evidence even suggesting that the affiant, a DEA Special Agent assigned to the overarching investigation, acted intentionally or with a reckless disregard for the truth of his affidavit submitted in support of the criminal complaint and arrest warrant issued with respect to defendant Brown.  Defendant merely argues that the telephone calls intercepted on the court authorized wiretap demonstrated that the buyer and the supplier were in direct contact with one another and that defendant did not, in essence, act as either a buyer or supplier of oxycodone.  (Doc. No. 298.)  But as explained above, the affidavit submitted in support of the complaint and arrest warrant did include information concerning the direct communications between the buyer and supplier of the oxycodone, and it did not represent to the reviewing magistrate that defendant acted as either the buyer or the supplier of the oxycodone involved in the transaction.  (Doc. No. 1 at ¶¶ 17, 46–60.)  Thus, defendant's preliminary showing with respect to his claim of misrepresentation or material omission cannot be found to be substantial because the relevant question under *Franks* is not whether the affiant failed to include every detail of the investigation in the supporting affidavit at issue; rather, the question is whether the affiant intentionally or

---

[4]  The undersigned pauses to note that this entire premise of defendant's pending motion may well be flawed.  First, defendant has cited no authority for the proposition that any remedy other than the suppression of evidence seized pursuant to a warrant is available under the principles announced in *Franks*.  *See United States v. Kleinman*, 880 F.3d 1020, 1038 (9th Cir. 2017) (If a defendant shows "both" that a supporting affidavit contains intentionally or recklessly false statements or misleading omissions, and that the affidavit cannot support a finding of probable cause without the allegedly false information, "the search warrant must be voided and the fruits of the search excluded."); *see also United States v. Awadallah*, 349 F.3d 42, 65 (2d Cir. 2003) (The "*Franks* doctrine arose in the context of a search warrant, and neither the Supreme Court nor this Court has extended it to arrest warrants.").  In any event, following the issuance of the criminal complaint and arrest warrant in this case, defendant was indicted on the pending charges by a federal grand jury of this district.  As the government has noted in its opposition to the pending motion, a grand jury indictment is not subject to challenge on the grounds that it is unsupported by evidence establishing probable cause.  *Costello v. United States*, 350 U.S. 359, 363 (1955) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial on the merits.  The Fifth Amendment requires nothing more.")  Thus, the return of the indictment in this case would also clearly appear to render defendant Brown's challenge posed by the pending motion moot.

8

1   recklessly omitted any information that was necessary to present an accurate depiction of the facts

2   material to the probable cause determination.  *See Perkins*, 850 F.3d at 1117–18.

3           Here, the affidavit submitted in support of the complaint and arrest warrant explained to

4   the reviewing magistrate judge that defendant Brown had acted to connect the buyer and supplier,

5   that he facilitated the drug transaction, and that he aided the supplier who provided the oxycodone

6   to the buyer.  (Doc. No. 1 at ¶ 17.)  While the affidavit states that defendant, along with the

7   supplier, "distributed pills" to the buyer and "did distribute pills" to the buyer, the subsequent

8   paragraphs of that affidavit made clear that defendant Brown acted in the role of a broker or

9   facilitator of the transaction:  defendant was in communication with both parties during the

10  transaction; he relayed messages between the two; and he was present for certain events, such as

11  when the supplier picked up the buyer from the airport.  (Doc. No. 1 at ¶¶ 46, 50–54, 59–60.)

12  Defendant may dispute the significance of his communications and interactions with both the

13  supplier and the buyer during the transaction, but he does not deny those communications and

14  interactions occurred, nor does he contest the contents of the conversations as conveyed in the

15  supporting affidavit.  (Doc. No. 298 at 2, ¶ 1.)  Defendant also cannot credibly contend that the

16  affidavit omitted the fact that the buyer and supplier communicated directly at times because the

17  affidavit clearly included that information.  (Doc. No. 1 at ¶¶ 47–49, 54–55.)  Thus, defendant

18  appears to be arguing only that more evidence of the direct communications between the buyer

19  and supplier, and more evidence that he did not act as a buyer or supplier, should have been

20  included.  That argument, however, does not amount to a substantial preliminary showing that the

21  affiant intentionally or recklessly omitted information that was necessary in order to present an

22  accurate depiction of the facts material to the probable cause determination.  No additional detail

23  was necessary to convey an accurate understanding of the evidence establishing probable cause to

24  believe that defendant Brown had aided and abetted the distribution of and possession with the

25  intent to distribute oxycodone.  (Doc. No. 1 at 3) (referencing aiding and abetting).

26          Thus, defendant has failed to make a substantial preliminary showing that the DEA

27  Special Agent's affidavit in support of the complaint and arrest warrant was misleading, whether

28  intentionally, recklessly, or even negligently.  *See Franks*, 438 U.S. at 171 ("Allegations of

1    negligence or innocent mistake are insufficient.").  Because defendant has not made a sufficient

2    showing as to the first requirement under *Franks*, his motion will be denied.  *See Craighead*, 539

3    F.3d at 1082 (concluding that the defendant failed to identify any false or misleading statements,

4    and therefore declining to address the questions of whether the affiant acted intentionally or with

5    a reckless disregard for the truth and whether any challenged statements were material to the

6    probable cause determination).

7         Even if defendant Brown had made a substantial preliminary showing as to the first

8    requirement so as to be entitled to an evidentiary hearing under *Franks*, he has not satisfied the

9    second requirement.  This is because the inclusion of additional information regarding direct

10   communications between the buyer and supplier, and regarding defendant's role in the

11   transaction, would not have altered the probable cause determination in this case.

12        First, with respect to the alleged omission of sufficient information regarding direct

13   communication between the buyer and supplier, the affidavit already relayed more than one

14   conversation between the buyer and supplier that did not include defendant.  (Doc. No. 1 at

15   ¶¶ 47–49, 54–55.)  Therefore, defendant is simply incorrect in claiming that the fact of direct

16   communication was omitted from the affidavit.  Nonetheless, he argues that if additional

17   conversations had been included, the reviewing magistrate judge would not have found the

18   criminal complaint and arrest warrant as to him to have been supported by probable cause.  (Doc.

19   No. 298 at 2, ¶ 1.)  However, the undersigned concludes that the inclusion in the affidavit of

20   additional communications between the buyer and supplier that did not include defendant would

21   not have impacted the probable cause determination.  Again, defendant does not dispute he was in

22   contact with the buyer and supplier—only the significance of those conversations.  (Doc. No.

23   298.)  Essentially, in seeking an evidentiary hearing under *Franks*, defendant argues that he could

24   not have conspired to distribute and possess with intent to distribute oxycodone because the buyer

25   and supplier did not need him to communicate with one another and complete the transaction.

26   The argument is unpersuasive and does not support defendant's request for an evidentiary

27   hearing.

28   /////

1    In seeking a criminal complaint and arrest warrant, the government is not required to show

2    that defendant acted with the requisite intent beyond a reasonable doubt. *See United States v.*

3    *Noster*, 590 F.3d 624, 629–30 (9th Cir. 2009) ("Probable cause does not require proof beyond a

4    reasonable doubt of every element of a crime."); *see also United States v. Razo-Quiroz*, No. 1:19-

5    cr-00015-DAD, 2019 WL 3035556, at *11 (E.D. Cal. July 11, 2019) ("A *Franks* challenge to a

6    warrant is not properly based on such arguments regarding a failure to establish probable cause

7    with respect to intent or scienter."). Here, even if the alleged omitted facts had been included in

8    the affidavit, there would have been established a "fair probability" that defendant committed the

9    charged offense. *See Struckman*, 603 F.3d at 739.

10    Second, the inclusion of additional information regarding defendant's role in the

11    transaction—i.e., his claim that he was not complicit in the actions of the buyer and supplier,

12    which the court construes based upon defendant's argument at the hearing on his motion as the

13    contention that he cannot be held criminally responsible for the transaction if he was not himself a

14    buyer or supplier—would also not have impacted the reviewing magistrate's probable cause

15    determination. (Doc. No. 298 at 2, ¶¶ 2, 3; Doc. No. 317.) Again, the court notes that the

16    supporting affidavit disclosed that defendant was neither a buyer nor a supplier but rather that he

17    connected, facilitated, and aided the supplier and the buyer, and the transaction, though defendant

18    disputes that mere communications may result in his criminal liability. (Doc. No. 1 at ¶ 17.)

19    Whether defendant's level and manner of communication and participation amounts to guilt

20    beyond a reasonable doubt of distributing or possessing with the intent to distribute oxycodone or

21    aiding and abetting the same is a matter for the finder of fact at a trial and does not bear on a

22    probable cause determination related to the issuance of a criminal complaint and arrest warrant.

23    Therefore, any additional details regarding defendant's specific role in the unlawful transaction

24    would simply not have been material to the probable cause determination.

25    **B.      The Motion to Suppress Based on Violation of 18 U.S.C. § 2517(5)**

26    Next, defendant Brown contends that the telephone communications seized and relied

27    upon by the government in prosecuting this case were outside the scope of the order authorizing

28    /////

11

1    the wiretap and were thus obtained in violation of 18 U.S.C. § 2517(5).[5]  (Doc. No. 301.)

2    Defendant argues that under § 2517(5), the government was required to submit an additional

3    application for subsequent wiretap authorization but failed to do so.  (*Id*. at 1.)  Defendant points

4    to the government's statement of non-opposition to his earlier, granted, motion to sever as proof

5    of his contention in this regard.  (*Id*. at 1–2; *see* Doc. No. 144.)  There, defendant contends, the

6    government conceded that the events constituting the basis for the offense with which he was

7    charged are sufficiently unrelated to the conduct specified in the wiretap authorization order for

8    defendant's case to be tried with his co-defendants.  (*Id*.)  Defendant believes that concession

9    necessarily implies the government should have applied for a subsequent wiretap authorization

10    and that its failure to do so now warrants suppression of the communications being offered into

11    evidence against him.  (Doc. No. 301 at 1–2.)

12        At the hearing on this motion to suppress defendant clarified that he is specifically arguing

13    that oxycodone trafficking was not named as a target offense in the authorizing order, but rather

14    that cocaine and marijuana trafficking were.  (Doc. No. 317.)  As a result, he contends, any

15    conspiracy, possession or distribution of oxycodone was not properly subject to interception

16    under the authorizing order.  (*Id*.)  He also contends that the interception of communications

17    under the order was not appropriately curtailed and exceeded the authorized timespan.  (*Id*.; Doc.

18    No. 298 at 3–4.)  Finally, defendant argues that once the "objective was achieved," meaning the

19    arrest of the oxycodone buyer (defendant Pratt), communications continued to be intercepted

20    illegally and were included in the affidavit submitted in support of the criminal complaint and

21    arrest warrant.  (*Id*.)

22        The government argues that defendant's motion to suppress should be denied for three

23    reasons.  (See Doc. No. 305 at 13–14.)  First, the government asserts that the authorizing order

24    encompassed the target offenses of 21 U.S.C. § 843, use of a communications facility to commit a

25    drug felony, and 18 U.S.C. §§ 1956, 1957, money laundering, and that the charged offense in this

26

27    [5]  Out of an abundance of caution and in light of defendant's *pro se* status, the court also
      incorporates in its analysis defendant's claim from his *Franks* motion that the interception of
28    communications extended past the period authorized by the wiretap order.  (Doc. No. 298 at 3–4,
      ¶ 4.)

1    matter falls within the ambit of that authorization.  (*Id*. at 13.)  Second, the government identifies

2    the order's authorization to intercept calls related to offenses under 21 U.S.C. § 841(a)(1),

3    distribution of a controlled substance, and argues for the application of that authorization to the

4    distribution of oxycodone offense charged against defendant in the complaint.  (*Id*.)  The

5    government maintains this position notwithstanding the fact that the order identifies marijuana

6    and cocaine as the target offenses and not oxycodone.[6]  (*Id*.)  Third, the government avers in the

7    alternative that even if defendant's conduct did not fall within the scope of the target offenses

8    identified in the authorizing order, that conduct "arose out of" and was "closely related to" the co-

9    defendant supplier's other drug trafficking activity.  (*Id*. at 13–14.)  As such, according to the

10   government, another application for wiretap authorization was not required pursuant to the

11   decision in *Homick*, 964 F.2d at 904.  (*Id*.)  Finally, the government argues that the plain language

12   of the wiretap authorization order permitted the government to continue to intercept

13   communications following the arrest of the buyer (defendant Pratt), because the order stated

14   interception could continue until the communications "fully reveal[ed] the manner in which the

15   above-named persons and others . . . are committing the offenses described herein . . ."  (*Id*. at 12

16   n.3; 1:19-sw-00087-LJO, Doc. No. 1 at 5.)  The government contends that the stated end point of

17   the wiretap authorization had not been reached when any of the objected to conversations were

18   recorded.  (Doc. No. 305 at 12 n.3.)

19          Even assuming arguendo that the communications intercepted in relation to the charged

20   offense did not fall within the scope of the authorizing order, the court finds the charged offense

21   still arose out of and was closely related to the supplier's (defendant Marin) other drug trafficking

22   activities.  *Homick*, 964 F.2d at 904.  The only appreciable difference between the offense alleged

23   in the complaint and the target offenses of the wiretap is the type of controlled substance

24   involved.  That distinction is not a sufficient basis upon which to find that this is an "other

25   offense" as contemplated under § 2517(5).  *Id*.  The Ninth Circuit and district courts in this circuit

26

27   ───────────────
     [6]  The government also notes defendant's failure to cite authority contrary to the government's
     position, though the government likewise does not cite authority in taking that position.  (Doc.
28   No. 305 at 13.)

                                                 13

1   have consistently concluded under circumstances similar to those presented here that the charged

2   offense arose out of and was closely related to the wiretap target offenses, meaning that no

3   additional application for wiretap authorization was required.  *See id.* (finding wire fraud

4   evidence arose out of and was closely related to a robbery and murder investigation where the co-

5   defendants conspired to fraudulently obtain from police custody a ring stolen from a murder

6   victim); *United States v. Ortega*, 520 F. App'x 626 (9th Cir. 2013) (finding no error in the denial

7   of a motion to suppress kidnapping evidence where the kidnapping was not a target offense but it

8   arose out of and was closely related to the targeted narcotics and money laundering offenses)[7];

9   *Cobb*, 2015 WL 518543, at *5–6 (finding that a federal charge of operating an illegal gambling

10  business arose out of and was closely related to the state law gambling offenses specified in the

11  authorizing order); *see also United States v. Bennett*, 219 F.3d 1117, 1123 (9th Cir. 2000)

12  (finding that a murder-for-hire plot, discovered during investigation of a drug conspiracy, was

13  "interwoven" with the drug operation and therefore the authorization order was "sufficient to

14  encompass the murder-for-hire plot" without a further showing of necessity).

15      Moreover, it certainly does not appear that the wiretap authorization order in this case was

16  used as "subterfuge" to pursue investigation of other crimes for which "the prerequisites to an

17  authorization order [were] lacking."  *Cobb*, 2015 WL 518543, at *5 (quoting and citing

18  *Watchmaker*, 761 F.2d at 1469–70).  While continuing to assume, without deciding, that the

19  offense charged against defendant Brown in the complaint fell outside the wiretap authorization

20  order's target offenses, the court concludes that an application for subsequent authorization was

21  not necessary because the charged offense arose from and was closely related to the target

22  offenses.  Due to this conclusion, it is unnecessary to address whether the charged offense was

23  within the scope of the wiretap authorization order, including the target offenses of 21 U.S.C.

24  § 843; 18 U.S.C. §§ 1956, 1957; and 21 U.S.C. § 841(a)(1).  Finally, the court finds that, by the

25  plain language of the authorizing order, the interception of communications did not extend past

26  the time allowed by the authorizing order.

27

28

[7]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-(3)b.

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons set forth above, defendant's motion for an evidentiary hearing under *Franks*, (Doc. No. 298), and his motion to suppress the intercepted communications in this case, (Doc. No. 301), are DENIED.

IT IS SO ORDERED.

Dated: __**July 29, 2021**__

_____
UNITED STATES DISTRICT JUDGE